## Billow et al., Appellants, *v.* Farmers Trust Company.

Argued January 15, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Mark E. Garber, Jr.,* with him *Christian S. Erb, Jr.,* and *Metzger, Wickersham, Knauss and Erb,* for appellants.

William F. Martson, with him Martson and Snelbaker, for appellee.

OPINION BY MR. JUSTICE ROBERTS, May 27, 1970:

In the early morning hours of August 11, 1966, Ollie B. Martin lost his life in an automobile accident. He had been driving westwardly along Route 11 in Cumberland County when a two axle meat truck emerged from a driveway on the south side of the roadway and entered the westbound lane of traffic immediately in front of his car, thus precipitating the fatal collision. The appellants, the owner of the meat truck and its employee-driver, raise only two questions on these appeals: (1) whether the trial court properly granted appellees' motion for a compulsory nonsuit in appellants' countersuit; and (2) whether the trial court properly refused appellants' offer to prove that the decedent's blood had a significant alcohol content.

The nonsuit was properly granted. Appellant Billow, the driver, testified that once he began to enter the roadway from the south he did not again look to the east to see if decedent's auto was nearby. This unexcused failure to continue keeping a proper vigil constitutes negligence. *Leasure v. Heller*, 436 Pa. 108, 258 A. 2d 855 (1969); *Giragosian v. Philadelphia*, 394 Pa. 476, 147 A. 2d 309 (1959); *Helfrich v. Brown*, 213 Pa. Superior Ct. 463, 249 A. 2d 778 (1968).

The trial court properly excluded the proffered evidence of decedent's blood alcohol content. Crucial to appellants' offer of proof was the testimony of a Dr. Robert McConaghie, who apparently would have stated that, in his opinion, a man with a blood alcohol content of .14 would be affected in his driving. This statement fails to meet the standards we recently set forth in *Morreale v. Prince*, 436 Pa. 51, 258 A. 2d 508 (1969), where we said: " ' . . . while proof of intoxication is

relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive . . . .' Fisher v. Dye, 386 Pa. 141, 148, 125 A. 2d 472, 476 (1956) (citations omitted)." 436 Pa. at 53, 258 A. 2d at 508.

Dr. McConaghie's opinion that a person with a blood alcohol content of .14 would be "affected" in his driving falls short of the requirement that the evidence show "a degree of intoxication which proves unfitness to drive." Since the offer was insufficient it was properly excluded.

Judgments affirmed.