Commonwealth *v.* Brown, Appellant.

Argued March 21, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Clyde W. Waite,* with him *Leonard B. Sokolove,* and *Sokolove & Stief,* for appellant.

*Martin J. King,* Assistant District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

Defendant was tried and convicted by a jury on a charge of operating a motor vehicle while under the influence of intoxicating liquor. Both the arresting officer and the officer who administered the breathalyzer test testified for the Commonwealth. However, because the officer who administered the test had no independent recollection of so doing, the breathalyzer report itself was introduced into evidence on the basis of the past recollection recorded exception to the hearsay rule.[1] The appellant contends that the lower court erred in charging the jury on the relationship between a presumption of fact (intoxication) and the presumption of innocence. We do not find such error to be present and, therefore, affirm. The problem arises due to a "presumption of fact" created by The Vehicle Code.[2]

---

[1] The appellant argues that certain testimony of the officer indicated that he in fact had a present recollection of the event which the report merely refreshed. Therefore, the appellant contends, the report itself was not admissible. Only a strained reading of the record affords that conclusion, and we find that there is ample support for the court's employing the past recollection recorded exception and admitting the report.

[2] The term "presumption of fact" has been largely abandoned. Such "presumptions" are now popularly described as "inferences." See McCormick, Law of Evidence 666 at n. 5 (1954). We also note in passing that the appellant does not argue that the language in the statute, "it shall be presumed," is unconstitutional, but only that the court's charge on the effect of the "presumption" encroached upon his constitutional right to be presumed innocent. See, e.g.,

75 P.S. §624.1.  Intoxication chemical tests, etc.

. . .

"(c)  If chemical analysis of a person's breath, blood or urine shows—

. . .

"(3)  That the amount of alcohol by weight in the blood of the person tested is ten one-hundredths (0.10) percent or more, it shall be *presumed that the defendant was under the influence of intoxicating liquor."*

A guilty verdict in the case of the kind we are considering here requires proof beyond a reasonable doubt that the accused was operating a motor vehicle and was, at that time, under the influence of intoxicating liquor.  In considering the court's charge, we cannot take a portion of it out of context but must consider the charge as a whole in determining whether error exists.  Although there was a seemingly difficult problem presented to the lower court by a situation involving a presumption of fact (intoxication) and the presumption of innocence, the court nevertheless considered the consequences of each presumption and instructed the jury properly on this matter.

The presumption of innocence requires, inter alia, that the prosecution prove its case beyond a reasonable doubt—a burden which never shifts from the Commonwealth:[3] *Commonwealth v. Bonomo,* 396 Pa. 222 (1959).  On the other hand, a presumption of fact is merely part of the evidence offered by the prosecution to meet its burden of proving the case against the accused beyond

---

Brosman, The Statutory Presumption, 5 Tul. L. Rev. 17 (1930), McCormick, supra note 1 at 654-63.

[3] As Professor McCormick has stated: "[T]he phrase 'presumption of innocence' has been adopted by judges as a convenient introduction to the statement of the burdens upon the prosecution, first of producing evidence of the guilt of the accused and, second, of finally persuading the jury or judge of his guilt beyond a reasonable doubt." McCormick, supra note 1 at 648.

a reasonable doubt. Unlike the presumption of innocence inherent in every criminal case, a presumption of fact arises only when the prosecution establishes the existence of facts upon which the presumption is based: *Commonwealth v. Shaffer*, 447 Pa. 91 (1972). If such facts upon which a presumption rests are established to the satisfaction of the trial court, then the prosecution has made out, *prima facie, an element* of its case which the accused may attempt to rebut with his own evidence. *Id.* See also *State v. Childress*, 78 Arizona 1, 274 P. 2d 333, 46 A.L.R. 2d 1169 (1954). In short, a presumption of fact, or inference, is part of the prosecution's case to overcome the accused's presumption of innocence; that is to say, part of the proof offered to establish guilt beyond a reasonable doubt.

That part of the court's instruction now in dispute is the following:

"Through the Commonwealth's evidence, there was certain factual testimony, that of the trooper who gave the test, which, if believed, would raise a presumption in this case that he was under the influence of intoxicating liquor. So, you see, that would take away the presumption of innocence that you start with, if you believe the trooper's testimony; forgetting for the moment the other officer's testimony.

"Then the defendant came forward and he explained the situation about the day and evening in question. And your question is: Does that once more bring him back, having rebutted, if he did, the presumption of being under the influence, does it once more bring him back under the shield of the presumption of innocence?"

While the instruction is not a model of clarity, it does not constitute reversible error. It merely calls to the attention of the jury its duty of weighing the accuracy of the breathalyzer test against the credibility of the testimony of the defendant that he was not under the influence of intoxicating liquor when he drove

his car. The negation of one version by the jury gave life to the other. The rejection by the jury of defendant's testimony that he was not under the influence of intoxicating liquor when driving gave rise to the "presumption" of intoxication on the basis of the breathalyzer test, and was sufficient, since it was believed by the jury, in establishing defendant's guilt beyond a reasonable doubt.

Any ambiguities in the judge's instructions arise principally from their being considered out of context. Language earlier in the judge's instruction sets forth the Commonwealth's burden.

"The defendant in any criminal case is presumed to be innocent. There is no presumption of guilt by his presence in the courtroom.

"Starting with that proposition, you recall that we said there is a presumption that the defendant was under the influence of intoxicating liquor when the needle showed above .10.

"If you believe what the witness said here, it showed .12. That is a presumption of fact.

"On the other hand, you have a presumption that the defendant is innocent of any crime until proved guilty beyond a reasonable doubt.

"Taking all things together, the defendant testified as to what went on during the evening in question; he told you what he had to drink. . . .

"So, has he rebutted the presumption of being under the influence? I will leave that to you."

It is a well-established principle that a judge's instruction to a jury is to be read as a whole and that any errors in one portion may be corrected in another. *Thomas v. Mills*, 388 Pa. 353 (1957) ; *Black v. A. E. Troutman Co.*, 385 Pa. 138 (1956) ; *Bollinger v. West Penn Power Co.*, 365 Pa. 599 (1950). In view of the foregoing, we find no error in the judge's instruction to the jury.

The judgment of sentence of the lower court is affirmed.

---

DISSENTING OPINION BY SPAETH, J.:

It seems likely that the trial judge believed that the evidentiary effect to be given a breathalyzer reading of .10 or greater is to shift the burden of proof onto the defendant. Otherwise he would not have asked, "[D]oes [the defendant's explanation] once more bring him back under the shield of the presumption of innocence?" On the other hand, he also said that the presumption of innocence "remains with the defendant throughout the trial of the case until the jury finds him guilty, finds he has been proved guilty beyond a reasonable doubt." This suggests the burden of proof does not shift. I would reverse, because if we find the charge lacking in clarity, the jury must have too.

JACOBS, J., joins in this opinion.