393 A.2d 473

COMMONWEALTH of Pennsylvania, Appellant,

v.

Charles Timothy TYLWALK.

Superior Court of Pennsylvania.

Argued April 14, 1978.
Decided Oct. 20, 1978.

Barbara H. Schickling, Assistant District Attorney, with her Thomas F. Morgan, District Attorney, Clearfield, for Commonwealth, appellant.

James A. Naddeo, and Belin, Belin & Naddeo, Clearfield, submitted a brief for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth from the lower court's order suppressing chemical tests because they were deemed to have been performed too long after a fatal accident in which appellee was allegedly involved. We reverse the order of the lower court and remand the case for trial.

It is the Commonwealth's position that without the suppressed evidence the prosecution will be substantially handicapped and that "the suppressed evidence may well mark the difference between conviction and acquittal of the defendant." (Appellant's brief at 8). Therefore, the order before us is ripe for appellate review. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. Deren*, 233 Pa.Super. 373, 337 A.2d 600 (1975).

Facts pertinent to our consideration of the order's propriety are the following. On September 18, 1976, a hit and run

accident occurred at approximately 12:15 a. m., which result-
ed in the death of one pedestrian and the injury of a second.
A third pedestrian, also struck, sought no medical attention.
One of the witnesses gave police a description of the vehicle.
At approximately 1:00 a. m. that same day, a van fitting the
witness' description was located across the street from ap-
pellee's home.  The windshield of the vehicle was shattered,
and matter believed to be human blood and hair was
smeared on the van.  A registration check confirmed appel-
lee's ownership of the vehicle.  Officers proceeded to appel-
lee's home, entered there for the first time at approximately
1:15 a. m., and learned from his brother that appellee, then
asleep in bed, had arrived home at approximately 12:30 or
12:35 a. m.  After appellee was aroused, he was finally
arrested at about 2:00 a. m.  Appellee was then taken to a
nearby hospital for chemical and breathalyzer tests, to which
he gave his consent after conferring by telephone with his
attorney.  Because of confusion in getting someone to ad-
minister the tests, they were not performed until about 4:30
a. m.  Appellee was charged with involuntary manslaugh-
ter,[1] driving under the influence of alcohol[2] and failure to
stop at the scene of an accident.[3]  As a result of a suppres-
sion hearing on December 10, 1976, the lower court held that
the tests performed on appellee were too remote in time and
place from the accident and therefore suppressed the results.
It is from that order that the Commonwealth appeals.

The Motor Vehicle Code specifically provides for chemical
testing to determine alcoholic content of the blood.[4]  The
statute does not specify that to be admissible into evidence a
chemical test must be performed within any stated time

1.  18 Pa.C.S. § 2504.

2.  The Act of April 29, 1959, P.L. 58, § 1037 (75 P.S. § 1037).

3.  The Act of April 29, 1959, P.L. 58, § 1027 (75 P.S. § 1027).

4.  75 Pa.C.S. § 1547.  At the time of the accident in the instant case,
   chemical testing was provided for by the Act of July 28, 1961, P.L.
   918, § 1, as amended July 31, 1968, P.L. 758, No. 237, § 1 (75 P.S.
   § 624.1).

after an incident or arrest. This case presents the same question that we addressed in *Commonwealth v. Trefry*, 249 Pa.Super. 117, 375 A.2d 786 (1977). In that case, we held that there was probable cause that rendered the appellant's arrest legal and that therefore, the chemical tests should not be suppressed as tainted by an illegal arrest, as the lower court had held. We also determined that a one and one-half hour delay between a motorist's arrest and the performance of a blood test did not render the results inadmissible in the appellant's trial on charges of involuntary manslaughter, failure to stop at the scene and give identification and driving under the influence of liquor. We reversed the lower court's suppression order, emphasizing that: "At trial, the results of a test, as indicative of intoxication at a relevant point in time, may be attacked or contradicted by any competent evidence. The weight to be accorded test results then properly rests with the finder of fact." 249 Pa.Super. at 130, 375 A.2d at 793 (footnote omitted).[5]

Appellee in the instant case relies heavily upon what he considers to be a material factual distinction between *Trefry* and this case. Appellee points out that in *Trefry*, as well as in other cases of foreign jurisdictions cited in the Commonwealth's brief, the motorist was found by police either in or near the vehicle. Appellee seems to imply that the fact that police first saw him asleep at his home should somehow effect the admissibility of the chemical analyses. If appellee

5. This court was more recently presented with this issue in a civil action, *Schwarzbach v. Dunn*, 252 Pa.Super. 454, 381 A.2d 1295 (1977). We granted a new trial because we found that the case was not tried before an impartial jury. President Judge Watkins' opinion continued by dictum to inform the lower court that blood tests administered to the defendant driver three hours after a fatal auto accident should be regarded with skepticism due to their "speculative" nature. It is important to note that a majority of this court did not embrace that rationale. (The lead opinion written by former President Judge Watkins was joined by Judges Jacobs and Van der Voort. Judge Cercone concurred in the result. Judge Price filed a concurring opinion in which Judge Spaeth joined, and Judge Spaeth filed a concurring opinion. Judge Hoffman filed a dissenting opinion.)

wishes to defend at trial by asserting that he was not driving the vehicle which was involved in the fatal mishap, he may certainly do so. Appellee's physical proximity to the vehicle at the time of his initial encounter with police has nothing, however, to do with the admissibility of the results of the tests which he consented to have performed.

In the instant case, the time interval between arrest and testing was longer than that in *Trefry.* This fact does not, however, take the instant case outside of our decision in *Trefry.* Here, the time interval between the accident and appellee's tests was more than four hours; between appellee's arrest and testing, approximately two and one-half hours. The effect that the passage of time may have had on appellee's test results is for the trier of fact to consider.

The Commonwealth stresses that appellee was observed by police from the time of their arrival at appellee's home at about 1:15 a. m. until the tests were ultimately performed. Appellee emphasizes that his activities during the hour that elapsed between the accident and the police officers' arrival at his home remain unexplained. Appellee would have us infer, perhaps, that during that hour he consumed the alcohol which was detected by the tests. Again, this factor does not render the results inadmissible. Rather, the trier of fact should properly consider and weigh evidence offered by appellee to show that he consumed alcohol after the accident and before police arrived at his home rather than before the accident, if he chooses to introduce such evidence. If we were to hold that the tests should be suppressed because appellee was not under constant police surveillance from the time of the accident until the tests were performed, we would be seriously curtailing the use of chemical analyses in legal proceedings. It is the norm rather than the exception that, in the case of an automobile accident, some time passes between the incident and the arrival of police at the scene, or police apprehension of the motorist who has simply continued on after the accident.

The purpose of 75 Pa.C.S. § 1547 and prior enactments has been to facilitate the acquisition of chemical analyses and to permit their utilization in legal proceedings. 75 Pa.C.S. § 1547(e) is a defendant's only source of relief in a situation such as the one before us.[6] That section provides that, "Subsections (a) through (d) shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of alcohol." The suppression order is therefore reversed and the case is remanded for trial at which appellee, if he wishes, may introduce competent evidence to challenge the test results.

The order is reversed and the case is remanded for trial.

JACOBS, President Judge, and SPAETH, J., concurred in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

6. Prior to the enactment of 75 Pa.C.S. § 1547(e), the Act of July 28, 1961, P.L. 918, § 1, *as amended* July 31, 1968, P.L. 758, No. 237, § 1 (75 P.S. 624.1(d)) permitted a defendant to introduce any competent evidence to defend a charge of driving under the influence. It was this codification that was in effect at the time of appellee's trial.