## Zielinski v. McGovern

*James Dunworth*, for plaintiff.
*Warren J. Adian*, for defendants.
*Harold J. Berger* and *William J. C. O'Donnell*, for decedent's children.

GAWTHROP, *J.*, April 30, 1980—The issue in this case is whether this court should approve a settlement of wrongful death and survival claims proposed by the administrator of the estate of Marion Y. Zielinski. The case comes before us on the petition of the administrator, John F. Zielinski, Jr., for allowance to compromise claims arising from the death of his wife, Marion Y. Zielinski. Mrs. Zielinski died intestate on July 12, 1977 following an automobile accident. A blood sample allegedly taken from her heart at the scene of the accident was reported by the Pennsylvania Department of Health to have a blood alcohol level of .315 milli-

grams. She was survived by her husband, who applied for letters of administration, and by her seven children from a prior marriage. The children oppose Mr. Zielinski's proposal that wrongful death and survival actions filed by him as administrator be settled for the total amount of $5,000. We consider the two actions separately.

### 1. Wrongful Death Action

"The action for wrongful death is a statutory creation, granting to the specified beneficiaries a right to recover pecuniary losses sustained by them by reason of the decedent's death. . . ." Ringler Estate, 29 Fiduc. Rep. 499, 504 (1979). The statutory beneficiaries given the right of recovery are the spouse, children or parents of the deceased: 42 Pa.C.S.A. §8301(b), substantially a reenactment of the Act of April 26, 1855, P.L. 309, as amended, 12 P.S. §1602. In Ringler Estate, supra, President Judge Coffroth discussed comprehensively the power of decedent's personal representative to compromise a wrongful death action, at pp. 509-511:

"The statutory beneficiaries of the wrongful death claim are the real parties in interest. . . . under Civil Rule 2202, the personal representative of decedent has the exclusive right to bring the wrongful death action for the benefit of the statutory beneficiaries during the first six months after death, and thereafter the action may be brought either by the personal representative or by any statutory beneficiary for the benefit of all statutory beneficiaries as real parties in interest. . . . [Because the personal representative has exclusive authorization to bring the survival action, which is usually consolidated with the wrongful death claim] it is thought wiser to centralize in the per-

sonal representative control over the claims for a limited period of time in order to facilitate coordination and to avoid conflict. . . .

Does it follow from the personal representative's right of suit that he also has the right of compromise and settlement to the exclusion of the real parties in interest? . . . As to the wrongful death claim, there may be some question whether the personal representative has the power of compromise and settlement without the consent of the statutory beneficiaries for whom he acts." (Citations omitted.)

Although the facts in Ringler did not require a resolution of the issue of the power of the personal representative in this situation, Judge Coffroth mentioned the position set forth in 7 Goodrich-Amram 2d §2206(a):2, that: ". . . no one individual possesses the right to settle for all. Not even the personal representative, who alone can be the plaintiff during the first 6 months after the decedent's death, has any authority to settle the case without the approval of the beneficiaries." So also, Strickland Estate, 74 D. & C. 2d 550, 552 (1975), held that the only interested parties who may challenge the settlement of a wrongful death claim by decedent's spouse are decedent's children, on whose behalf the claim was settled by that spouse as their guardian.

Absent any statutory authorization to settle for all concerned, we conclude that the personal representative's powers with regard to this wrongful death claim do not include settlement without consent of the beneficiaries. The right to act as plaintiff is limited to the first six months after death and primarily is for administrative convenience. The power to compromise controversies set forth in the Probate, Estates and Fiduciaries Code, 20

Pa.C.S.A. §3323, is limited to claims "by or against the estate," and wrongful death claims do not involve the estate's rights, but rather the monetary damages suffered by a decedent's spouse, children, or parents. See Wexler v. Philadelphia Transportation Co., 3 D. & C. 2d 122 (1955), 5 Fiduc. Rep. 269 (1956). Accordingly, the prayer of the petition relating to the wrongful death claim is denied.

## 2. Survival Action

In the survival claim, which is decedent's right of action for damages sustained by her, the real parties in interest are those beneficially interested in her estate. See Ringler Estate, supra. The power to compromise such a claim is given to the personal representative or any party in interest, subject to this court's approval: 20 Pa.C.S.A. §3323. In this case, the personal representative also has a beneficial interest in the estate of his deceased wife; the remaining beneficiaries are her seven children, ranging in age from 12 to 19.

The petitioning personal representative here claims that because of the evidence of alcohol in decedent's blood, he has concluded that the value of any claims arising from her death is very low, and he would be satisfied with $5,000. Her children question the admissibility of the blood sample, the personal representative's assessment that the survival aspect of the claim had no value, his waiver of the Dead Man's Rule, and his failure to conduct an investigation into numerous aspects of the accident which are unexplained at this date, and which, they assert, would support a jury inference that the accident was caused by the other driver. They further question the personal representative's good faith with respect to their interest in the estate, the record clearly showing that the relations between the

estranged husband and the children of decedent were strained, even before her death.

Our duty, in deciding whether to allow a compromise such as is proposed here, is to ". . . look beyond the [personal representative's] mere statement that there is some doubt as to the validity of the claim and to satisfy [ourselves] that a real and substantial doubt exists which would make a compromise desirable for the best interests of the estate." Craig's Estate, 57 D. & C. 97, 101, 62 Montg. 147, 150 (1946). The court in Craig's Estate rejected a disputed compromise where a question of New Jersey law would determine the claim's validity, noting particularly ". . . the determined opposition of those who have a one-half interest in the estate of petitioner's decedent." 57 D. & C. at 101, 62 Montg. at 150.

Although we agree with the administrator that the blood sample would probably be admissible (see Schwartzbach v. Dunn, 252 Pa. Superior Ct. 454, 381 A. 2d 1295 (1977); Com. v. Tylwalk, 258 Pa. Superior Ct. 506, 393 A. 2d 473 (1978); Com. v. Lucarini, 8 D. & C. 3d 679 (1977)), we do not agree that the likelihood sufficiently establishes the real and substantial doubt concerning the claim's validity required by Craig. We simply are not satisfied that the personal representative has considered sufficiently all aspects of the action, or that his interests coincide with those of decedent's children. In this regard, we note that he was estranged from decedent and blamed her children for his unhappy relationship with his wife.

So also, we note that he was less than diligent in keeping all those parties informed as to the progress of this action. We believe he had an obligation to keep all parties fully informed of that progress. Under these circumstances, we cannot approve a

settlement which would give him $2,500, leaving $300 per child after estate expenses are paid. Accordingly, we conclude that the personal representative has not carried his burden of proving that the proposed compromise is in the best interests of the estate: Oberrender Estate, 29 Fiduc. Rep. 87, 90 (1978). Based on the foregoing reasons, we enter the following

## DECREE NISI

And now, April 30, 1980, the prayer of the administrator is hereby denied, and the petition for allowance to compromise claim dismissed.