## Samuelson v. Buck

*Edwin Krawitz,* for plaintiff.
*William G. Ross,* for defendants.

THOMSON, *J.,* March 2, 1981—The within action was instituted by the filing of a praecipe for writ of summons in trespass against defendant, Troy Buck, a minor, which was served on the said defendant personally. Thereafter, defendant, Troy Buck, ruled plaintiff to file a complaint against him,

following which plaintiff filed a complaint against Frank Buck and Brenda Buck, his wife, the parents of Troy Buck, as well as against the said Troy Buck. Numerous preliminary objections were then propounded by defendants, which come now before us for resolution.

## I. DEMURRER AS TO DEFENDANTS FRANK AND BRENDA BUCK

Defendants Frank and Brenda Buck argue that insufficient facts are alleged to sustain a cause of action against them. As we view the complaint, being one for the wrongful death of plaintiff's decedent, one Marie Samuelson, the facts allege that defendant Troy Buck was the operator of a vehicle, owned by his parents, Frank Buck and Brenda Buck, at the time of the collision which gave rise to plaintiff's cause of action. No action of negligence against defendants Frank Buck and Brenda Buck are averred, nor are there any allegations of agency, employment, or any other means by which vicarious liability might be imposed against Frank Buck and Brenda Buck. However, we agree with plaintiff that he should be given leave to amend his complaint so as to more properly plead any cause of action he might have against the said Frank Buck and Brenda Buck and we will structure our order herein accordingly.

## II. MOTION TO STRIKE OF DEFENDANTS FRANK BUCK AND BRENDA BUCK

This objection is a technical one, that defendants Frank Buck and Brenda Buck are not properly defendants in this action, as they have never been personally served with process required by Pa.R.C.P. 1009(b). Again, we must concur, but

again, we will allow plaintiff leave to properly serve defendants with the amended complaint, which we will direct that he file.

### III. MOTION TO STRIKE ALLEGATIONS OF RECKLESS, OUTRAGEOUS AND WANTON MISCONDUCT AND RECKLESS INDIFFERENCE AND CLAIM FOR PUNITIVE DAMAGES ARISING THEREFROM

We have reviewed the complained of allegations in paragraphs eight and nine of plaintiff's complaint. We feel that as pled these allegations raise jury questions under which a jury could find:

(a) Mere ordinary negligence on the part of defendant Troy Buck;

(b) Reckless, outrageous and wanton misconduct and reckless indifference by said defendant Troy Buck; or,

(c) No culpability at all.

For this reason, we must overrule defendants' objection as to these allegations. Furthermore, we find that under the law, should plaintiff be able to establish (b) above he might be entitled to the recovery of punitive damages, Focht v. Rabada, 217 Pa. Superior Ct. 35, 268 A. 2d 157 (1970), such being awarded to punish an actor for his outrageous conduct, or conduct done with a bad motive or reckless indifference to the interest of others: Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963).

### IV. MOTION TO STRIKE PLAINTIFF'S ALLEGATION THAT DEFENDANT TROY BUCK HAD CONSUMED ALCOHOLIC BEVERAGES

Defendants have requested that paragraph 9(k) of plaintiff's complaint which avers that immedi-

ately prior to the collision giving rise to plaintiff's cause of action, the minor defendant, Troy Buck, consumed alcoholic beverages, in violation of 18 Pa.C.S.A. §6308, prohibiting consumption of alcoholic beverages by persons under the age of 21, should be stricken as scandalous and impertinent. We must agree. Proof of consumption of alcohol prior to an automobile accident may only be offered into evidence if it can establish a degree of intoxication which proves unfitness to drive: Billow v. Farmer's Trust Co., 438 Pa. 514, 266 A. 2d 92 (1970). Plaintiff has attempted to impose an exception to this rule because of defendant Troy Buck's minority. We are unaware of any authority for such a concept, and will not ingrain one herein. Evidence of consumption of alcohol may only be admitted herein if plaintiff can plead and prove intoxication proving unfitness to drive as aforesaid.

In consideration of our discussion of the above points, we issue herewith the following

ORDER

And now, March 2, 1981, defendants' preliminary objections in the nature of a demurrer and motion to strike as averred in paragraphs one through seven, and paragraph 11 thereof, are sustained. Those objections contained in paragraphs no. eight, nine, ten and 12 are overruled. Plaintiff is accordingly given 20 days from date to file an amended complaint in conformity with this opinion and order, said complaint to be served personally on defendants, Frank Buck and Brenda Buck, pursuant to Pa.R.C.P. 1009(b).