472 A.2d 663
**John E. SUSKEY and Jeannette E. Suskey, Appellants,**

v.

**LOYAL ORDER OF MOOSE LODGE
# 86 an Unincorporated Association.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1983.

Filed Feb. 10, 1984.

Petition for Allowance of Appeal Denied June 12, 1984.

96

Richard J. Catalano, Pittsburgh, for appellants.

Michael A. Della Vecchia, Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

CAVANAUGH, Judge:

This is an appeal from an order denying appellants' Motion for New Trial following a jury verdict in favor of appellee Moose Lodge # 86. Appellants contend that they are entitled to a new trial because the court below erred in two regards: the trial judge failed to charge the jury on the presumption of intoxication set forth in the Pennsylvania Motor Vehicle Code (75 Pa.C.S. § 1547(d)(3)); and, the trial judge failed to ascertain that the jury's verdict was clearly against the weight of the evidence. We find that appellants' contentions have no merit and, therefore, affirm the court below.

Appellant John Suskey went to appellee's bar at about 7:00 p.m. on November 19, 1975. There was evidence that he consumed three double shots of whiskey, followed by beer chasers and then drank beer until he left at approximately 12:30 a.m. Shortly after he left appellee's bar, he

was involved in a collision when he drove into a truck parked in a used car lot adjacent to Route 30. Suskey suffered serious physical injuries. Subsequently, he and his wife brought this action on the basis that appellee violated the Dram Shop Act, 47 P.S. § 4-493(1), when it served him intoxicating beverages while he was visibly intoxicated.

The Dram Shop Act provides that:

"It shall be unlawful

. . . .

"(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person *visibly intoxicated* ..." 47 P.S. § 4-493(1) (Emphasis added)

It is undisputed that Moose Lodge # 86 is a licensee of the Pennsylvania Liquor Control Board. The issue below was whether appellant John Suskey was served intoxicating beverages at the Lodge while "visibly intoxicated."

Appellants contend that under Pennsylvania law, the jury should have been instructed that a blood alcohol percentage of greater than 0.10 creates a presumption that the individual was *under the influence of alcohol.*[1] The court below did instruct the jury that the breathalyzer result was 0.19 one hour after the accident, and that they might consider such in determining whether Mr. Suskey was visibly intoxicated. However, the court refused to include appellants' proposed addition to that point for charge which would have instructed the jury that under the Pennsylvania Motor

---

1. The disputed Point for Charge # 8 appeared as follows:

In determining whether or not Mr. Suskey was visibly intoxicated when served at the defendant's place of business, you may consider the results of the blood alcohol test taken while he was still in the emergency room at McKeesport Hospital. [Under the Pennsylvania Motor Vehicle Act, if the amount of alcohol by weight in the blood of the person tested is 0.10 percent or more, it is presumed that the person was under the influence of alcohol.]

The bracketed section is that which appellant wished to add to the charge.

Vehicle Act,[2] if the amount of the alcohol by weight in the blood of the person tested is 0.10 per cent or more, it is presumed that the person was under the influence of alcohol.

■■■ We agree with the trial court that appellant was not entitled to a charge on this presumption. It is true that in criminal actions for driving under the influence of alcohol, the breathalyzer result, as well as its correlative presumption . must be charged to the jury.[3] However, we

2. 75 Pa.C.S. Section 1547(d) provides as follows)
   (d) **Presumptions from amount of alcohol.**—If chemical analysis of a person's breath or blood shows:
   (1) That the amount of alcohol by weight in the blood of the person tested is 0.05% or less, it shall be presumed that the person tested was not under influence of alcohol and the person shall not be charged with any violation under section 3731(a)(1) (relating to driving under influence of alcohol or controlled substance), or if the person ,was so charged prior to the test, the charge shall be void ab initio.
   (2) That the amount of alcohol by weight in the blood of the person tested is in excess of 0.05% but less than 0.10%, this fact shall not give rise to any presumption that the person tested was or was not under the influence of alcohol, but this fact may be considered with other competent evidence in determining whether the person was or was not under the influence of alcohol.
   (3) That the amount of alcohol by weight in the blood of the person tested is 0.10% or more, it shall be presumed that the defendant was under the influence of alcohol.

3. Pennsylvania law mandates that the presumption be charged in cases dealing with criminal operation of a motor vehicle while under the influence of alcohol. We note, however, that this "presumption" is in fact only a permissible inference. *Commonwealth v. DiFrancesco,* 458 Pa. 188, 193 n. 3, 199–200, 329 A.2d 204, 207–08 n. 3, 211 (1974); *Commonwealth v. Gearhart,* 253 Pa.Superior 238, 245, 384 A.2d 1321, 1324 (1978). *See Commonwealth v. Brown,* 229 Pa.Super. 156, 323 A.2d 345 (1974).
   However, even in cases involving criminal charges, there has been skepticism and criticism regarding the use of the breathalyzer result and presumption. *See Commonwealth v. Tylwalk,* 258 Pa.Super. 506, 393 A.2d 473 (1978); *Commonwealth v. Trefoy,* 249 Pa.Super. 117, 375 A.2d 786 (1977). One of the most obvious and valid criticisms is that the statute, 75 Pa.C.S. § 1547, does not place time constraints on when the breathalyzer test may be administered in relation to the time of the accident. *See Schwarzbach v. Dunn,* 252 Pa.Super. 454, 381 A.2d 1295 (1977) (difficulty in extrapolating blood alcohol content at time of accident from breathalyzer result obtained three hours after accident in determining whether driver was under the influence at the

believe that neither authority nor logic dictate the use of the presumption in the present circumstances.

Appellant argues that a breathalyzer result, without the presumption of intoxication resulting therefrom, is meaningless to the jury, and therefore cannot be given adequate consideration. We concede that a breathalyzer result standing alone, is arguably of no help to a jury in its determination of whether a plaintiff was visibly intoxicated. It may be that an expert who could relate the degree of blood alcohol to visible intoxication at an earlier hour would be evidentiary assistance. However, being "under the influence" and "visibly intoxicated" relate to different characteristics of ability and control as opposed to appearance.

In *Billow v. Farmer's Trust Co.*, 438 Pa. 514, 266 A.2d 92 (1970), the Pennsylvania Supreme Court upheld the trial court in refusing to admit evidence of a driver's blood alcohol content. This evidence, together with an expert's interpretation was proffered to show that the driver's driving was "affected." The Court held that this "[fell] short of the requirement that the evidence show a degree of intoxication which proves unfitness to drive." *Id.*, 438 Pa. at 517, 266 A.2d at 93. That is, proof of intoxication under the Motor Vehicle Code, in *Billow, supra*, of 0.14 per cent, was held to be inadmissible in determining whether the driver was driving in a reckless or careless manner. The court did *not* admit either the blood alcohol content or the presumption of intoxication pursuant to the Motor Vehicle Code, in the civil action. By induction then, it is arguable that the Supreme Court felt that the use of the legal presumption vis a vis § 1547 was improper in civil cases. If

time of the accident results not admissible at trial); *Commonwealth v. Tylwark*, 258 Pa.Super. 506, 393 A.2d 473 (1978) (results of breathalyzer test administered four and a quarter hours after accident suppressed by trial court because performed too long after accident; found to be reversible error by Superior Court). In addition, factors such as how the alcohol was consumed (i.e., volume/time), whether the alcohol was consumed with food, and whether it was consumed in a carbonated form, all impact on a breathalyzer result.

the argument holds that the presumption of legal intoxication may not be taken from a criminal proceeding to a civil one, then it is even stronger that the presumption of legal intoxication may not be applied to the tangential issue of visible intoxication in a civil case.

There are two cases which have been read by appellant to suggest the presumption is required. *Couts v. Ghion*, 281 Pa.Super. 135, 421 A.2d 1184 (1980) and *Cusatis v. Reichert*, 267 Pa.Super. 247, 406 A.2d 787 (1979) (hereinafter discussed). Despite the use of the breathalyzer result in these two cases, however, we feel that there is no convincing argument which would yield the result that a person who is legally intoxicated under the presumption of § 1547 would necessarily be visibly intoxicated for purposes of 47 P.S. § 4–493(1). That is to say that a person with a breathalyzer indicant of 0.11 for example, may *or* may not be visibly intoxicated. The relationship between legal intoxication in re: competency to operate a motor vehicle and visible intoxication is simply too attenuated to support a mandatory application of the presumption under § 1547 to a civil case requiring proof of visible intoxication.

■ We find that appellants' argument, which effectively reads the Motor Vehicle Act into the Dram Shop Act, is unconvincing. The language of § 1547(d) is specifically related to criminal actions for driving under the influence of alcohol. Furthermore, Pennsylvania law does *not* mandate that the presumption of intoxication be charged in cases not involving the competency of a person to operate a motor vehicle. Appellant incorrectly cites *Couts v. Ghion*, 281 Pa.Super. 135, 421 A.2d 1184 (1980) (Spaeth, J. concurring in the result, Van der Voort, J. dissenting) for support of his argument. The *Couts, supra,* court, quoting with approval from the decision in *Cusatis v. Reichert*, 267 Pa.Super. 247, 406 A.2d 787 (1979) stated: "[o]ur legislature has expressly approved the blood alcohol test as a means of determining *whether a person is driving under the influence* of intoxi-

cating beverages." (*Cusatis, supra* 267 Pa.Superior Ct. 251, 406 A.2d at 789, *Couts, supra,* 281 Pa.Superior Ct. 144, 421 A.2d at 1189 (emphasis added). However, the *Couts* court also makes clear the demarkation between intoxication and visible intoxication:

> "Even if Ghion was intoxicated at the time of the accident and his intoxication proximately caused decedent's death, Holiday House cannot be held liable unless Ghion was visibly intoxicated when served at the Holiday House bar." 281 Pa.Superior Ct. 141, 421 A.2d at 1187 (Emphasis added).

The *Couts* decision advocates the use of the breathalyzer test result as relevant circumstantial evidence only to be used in conjunction with other evidence which bears on the question of whether an individual was visibly intoxicated.[4] However, *Couts,* while favoring the admission of the breathalyzer results, does not mandate the usage of the presumption. The *Cusatis* court advocates the admission of a breathalyzer test as relevant evidence in conjunction with other evidence going to an individual's competency in the operation of a motor vehicle. Thus, neither case advocates the use of the breathalyzer result in charging a presumption, under the law, going to visible intoxication. We feel that the court below fully followed the spirit of *Couts, supra* and *Cusatis, supra,* by allowing the jury to use the breathalyzer results as evidence, in conjunction with other evidence, to determine whether the appellant, John Suskey, was visibly intoxicated. We find no error in refusing to fully charge with respect to Point for Charge # 8, and, therefore, find appellants' argument meritless.

Appellants' second contention of error is that the verdict was against the weight of the evidence.

This contention concerns the factual determination, made by the jury, of whether John Suskey was served intoxicating beverages while visibly intoxicated. Of course, a wit-

---

4. We note that *Couts v. Ghion, supra,* was a plurality decision. *But cf. Billow v. Farmer's Trust Co.,* 438 Pa. 514, 266 A.2d 92 (1970).

ness' impression of whether a person is visibly intoxicated is a subjective one; it depends on the witness' perception. In the instant case, there was conflicting testimony by witnesses who observed John Suskey as to whether he was visibly intoxicated. The resolution of the conflicting testimony was a question of fact for the trier of fact, the jury. The jury found that the appellant was not served intoxicating beverages while he was visibly intoxicated. Its finding is supported by the record.

As stated in *Kline Cooperage v. Kistler*, 286 Pa.Super. 84, 87–88, 428 A.2d 583, 585 (1981):

> Our Supreme Court has held that a new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice. *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 265 A.2d 516 (1970). [The plaintiff] is not entitled to a new trial where the evidence is conflicting and the jury could have decided either way. *Hilliard v. Anderson*, 440 Pa. 625, 271 A.2d 227 (1970).

The court below charged the jury to consider direct and circumstantial evidence, and to disregard the fact that the appellant, John Suskey, might have been negligent in ordering and consuming the amount of alcohol that he did. The jury was properly charged to consider only whether Mr. Suskey was served intoxicating beverages while visibly intoxicated. The result was that the jury found against appellants.

We do not feel that the court below erred in finding that the verdict was supported by the evidence. In addition, the verdict is not "so contrary to the evidence as to shock one's sense of justice." *Id.*, 286 Pa.Superior Ct. at 87, 428 A.2d at 585. Therefore, we find appellants' second contention of error to be meritless, and accordingly, affirm the order of the court below.

Order affirmed.