## Commonwealth v. Ruppert

*Thomas L. Kearney,* assistant district attorney, for the Commonwealth.

*John G. Bergdoll,* for defendant.

ERB, *J.,* August 7, 1984—Defendant, Troy J. Ruppert, who was convicted in a trial before a jury of violation of section 3731 (a)(4) of the Motor Vehicle Code, 75 Pa. C.S. §3731 (a)(4), has filed post trial motions for a new trial and in arrest of judgment, which are before the court for determination.

Defendant first contends that the court erred in admitting the results of a blood alcohol test performed about an hour after he drove his motor vehicle.

After he stopped defendant, while driving his vehicle at 3:29 a.m., the arresting officer escorted him to a place where the breathalyzer machine was located, and at 4:28 a.m. a test was administered, revealing a 0.12 percent alcoholic content in the defendant's blood.

Defendant first argues that, since the test on the machine was administered at a time subsequent to the defendant's operation of the motor vehicle, the results cannot be considered by the jury as to the defendant's condition at the time of operation of the motor vehicle. Section 1547(c) of the Motor Vehicle Code; 75 Pa. C.S.§ 1547(c), provides:

"In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by quali-

fied persons using approved equipment, shall be admissible in evidence."

The Superior Court in Commonwealth v. Tylwak, 258 Pa. Super. 506, 393 A.2d 473 (1978), considered an earlier provision of the Motor Vehicle Code, which did not differ in relevant part from any of the essential portions of the present provisions of the code, which we now consider stated at 508:

"The Motor Vehicle Code specifically provides for chemical testing to determine alcoholic content of the blood. The statute does not specify that to be admissible into evidence a chemical test must be performed within any stated time after an incident or arrest. This case presents the same question that we addressed in Commonwealth v. Trefry, 249 Pa. Super. 117, 375 A.2d 786 (1977). In that case, we held that there was probable cause that rendered the appellant's arrest legal and that; therefore, the chemical tests should not be suppressed as tainted by an illegal arrest, as the lower court had held. We also determined that a one and one-half hour delay between a motorist's arrest and the performance of a blood test did not render the results inadmissible in appellant's trial on charges of involuntary manslaughter, failure to stop at the scene and give identification and driving under the influence of liquor. We reversed the lower court's suppression order, emphasizing that: "At trial, the results of a test, as indicative of intoxication at a relevant point in time, may be attacked or contradicted by any competent evidence. The weight to be accorded test results then properly rests with the finder of fact." 249 Pa. Super. at 130, 375 A.2d at 793.

"In the instant case, the time interval between arrest and testing was longer than that in Trefry. This fact does not, however, take the instant case outside of our decision in Trefry. Here, the time interval be-

tween the accident and appellee's tests was more than four hours; between appellee's arrest and testing, approximately two and one-half hours. The effect that the passage of time may have had on appellee's test results is for the trier of fact to consider."

As we have indicated, although certain provisions in the act have changed since the holding in the Tylwalk case, the general thrust of the act remains unchanged. We, therefore, conclude that the results of the machine with reference to the alcoholic content of the defendant's blood at the time of the test can be considered by the jury in making a determination as to percentage of alcohol in the defendant's blood at the time he was operating the motor vehicle.

Defendant cites Schwarzbach v. Dunn, 252 Pa. Super. 454, 381 A.2d 1295 (1977), in support of his position. In this civil case involving an accident, the court does discuss the use of a machine measuring defendant's breath to determine blood alcoholic content. While the court, in dicta, expresses some concern over the accuracy of the test of a person's blood for alcoholic content, this does not in any way change or effect the holding in the Tylwalk case.

Defendant next contends that since the jury found the defendant not guilty of violating section 3731(a)(1) of the Motor Vehicle Code, they could not consistently convict him of violating section 3731(a)(4) of the code. Sections 3731 (1) and (4) of the Motor Vehicle Code provide:

"A person shall not drive, operate or be in actual physical control of the movement of any vehicle while: (1) under the influence of alcohol which renders the person incapable of safe driving; . . . (4) the amount of alcohol by weight in the blood of the person is 0.10 percent or greater."

We note that section 5431(a)(4), with which we are dealing, simply indicates that it is a violation to operate a motor vehicle when the alcoholic contents of the blood exceeds the percentage set forth in the code. Whether or not that person is so effected by the degree of alcohol in his blood to the extent that he can not operate the motor vehicle with safety is not relevant. Although the act does provide that a jury may consider the alcoholic content of a person's blood in arriving at a conclusion as to his condition and ability to drive with safety, the jury is not in any way bound to conclude, that because the percentage of alcohol in the blood exceeded 0.10 percent, he is unfit to operate the motor vehicle with safety. Under those circumstances, therefore, we do not find that the jury's verdict, finding the alcoholic content of defendant's blood to exceed that permitted under the code, to be inconsistent with rejection of that percentage of blood alcohol in defendant's blood in establishing that he was unfit to operate a motor vehicle with safety.

Defendant next contends that the court in its charge improperly instructed the jury concerning the consideration by them of the test results in determining the violation of section 3731(a)(1) of the code.

Since the jury has found defendant not guilty of this offense, any error is harmless and need not be considered further.

Finally, defendant contends that section 3731(a)(4) of the code is unconstitutional. Defendant, in support of his argument, adopts the dissenting opinion of Justice Flaherty in Commonwealth v. Mikulan, 504 Pa. 244 470 A.2d 1339 (1983). Since the majority opinion in that case held the act to be constitutional, we are bound by the decision of the Supreme Court and need not further consider the

contention of the defendant that the act is unconstitutional.

Accordingly, we enter the following:

### ORDER

And now, this August 7, 1984, defendant's, Troy J. Ruppert, motion for a new trial and in arrest of judgment are refused and denied.

The probation office is directed to prepare a sentencing guideline and the defendant is directed to appear for sentencing on September 24, 1984, at 9:30 a.m. in court room number four of the York County Court House, York, Pa.