## Blumberg v. Watkins Motor Truck Inc.

*Gerard P. Egan,* for plaintiff.

*Gary S. Williams,* for defendants.

HILL, J., December 15, 1987 — Before this court is the motion in limine of plaintiff to exclude evidence of decedent's intoxication. For the reasons stated herein, said motion is denied.

### FACTUAL BACKGROUND

Plaintiff Irwin Blumberg commenced this wrongful death and 'survival action to recover for fatal injuries sustained by his son, Henry Blumberg, who was killed when the automobile he was driving collided with a disabled truck owned by defendant, Watkins. The accident occurred on January 7, 1981 on Route I-95 in Philadelphia.

Plaintiff seeks to exclude evidence of the alleged intoxication of decedent, Henry Blumberg, at the time of the accident.

### DISCUSSION

While proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is generally not admissible as it may be unfairly prejudicial. Such evidence may be admitted if it reasonably establishes a degree of intoxication which provides unfitness to function. *Fisher v. Dye,* 386 Pa. 141, 148, 125 A.2d 472, 476 (1956) (unfitness to drive); *Billow v. Farmers Trust Co.,* 438 Pa. 514, 517, 266 A.2d 92, 93 (1970) (unfitness to drive); *Sentz v. Dixon,* 224 Pa. Super. 70, 302 A.2d 434 (1973) (unfitness to cross street); *Kriner v. McDonald,* 223 Pa. Super. 531, 302 A.2d 392 (1973) (unfitness to cross street); *Cusatis v. Reichert,* 267 Pa. Super. 207, 406 A.2d 787 (1979) (unfitness to drive); *Ackerman v. Delcomico,* 336 Pa. Super. 569, 486 A.2d 410 (1985) (unfitness to cross street); *Beneshunas v. Independent Life and*

*Accident Insurance Co.,* 354 Pa. Super. 391, 512 A.2d 6 (1986) (unfitness to drive).

Instantly, defendant seeks to introduce the results of a blood test which establish that, at time of his death, Henry Blumberg had a blood-alcohol content of 0.12 percent. Additionally, defendant seeks to introduce the expert testimony of Dr. Robert L. Catherman, acting deputy medical examiner for the City of Philadelphia. Dr. Catherman, who is certified in forensic pathology, performed the autopsy on Henry Blumberg. The autopsy findings included a determination of Blumberg's blood-alcohol level at the time of death. At a hearing held on October 20, 1987, Dr. Catherman testified that, based on the alcohol level in his blood, Henry Blumberg was not, in his opinion, fit to operate a vehicle at the time of the accident. Plaintiff seeks to exclude both the results of the blood-alcohol test and Dr. Catherman's testimony.

The only case decided by a Pennsylvania state court which addresses this question in the context of a blood-alcohol test supported by the testimony of a qualified medical expert is *Billow v. Farmers Trust Co., supra.* There, defendant proffered evidence of decedent's blood-alcohol content of 0.14 percent and testimony of a doctor who would have stated that, in his opinion, a man with a blood-alcohol content 0.14 percent would be *affected* in his driving. The court excluded the evidence because it found that the expert's opinion that a person would be *affected* in his driving fell short of the requirement that the evidence show a degree of intoxication which proves *unfitness* to drive.

In this connection, it must be noted that a particular individual might have his driving ability *af-*

*fected* because, for example, he has had two drinks on an empty stomach, and yet not be *unfit* to drive. *Unfit* is a precise condition while *affected* describes a broad general range which can fall short of *unfit* as well as include that condition. *Affected* does not necessarily connote *unfit*.

The instant case clearly is distinguishable from *Billow*. Here, the medical expert testified at a pretrial hearing that the decedent's blood-alcohol level would have rendered him *unfit* to drive; we are not dealing with the necessity of having to guess whether the word *affected* means *unfit* or something less than that as was the case in *Billow*. Thus, the requirement that evidence of intoxication prove unfitness to function is fulfilled and the evidence should be admitted.

In support of his contention that evidence of intoxication should be excluded, plaintiff relies upon *Rovegno v. Geppert Bros. Inc.*, 677 F.2d 327 (3d Cir. 1982). There, the trial court refused to admit evidence of decedent's blood-alcohol content and expert testimony that a blood-alcohol level of that degree would render a person *unfit* to drive. On appeal, the Court of Appeals for the Third Circuit found no *abuse of discretion* in the trial court's exclusion of the proffered evidence.

In excluding the evidence, the *Rovegno* court relied heavily on what it believed the Pennsylvania law on this subject was as explained in *Billow v. Farmers Trust Co., supra*. The *Rovegno* court seemed to suggest that, in addition to the blood-alcohol test, *Billow* required supplementary evidence of intoxication in the form of conduct, such as drinking and drunken behavior, and that, in its absence, evidence of a medical expert would not

suffice. *Billow* did not, however, set up any such requirement nor did it imply that the opinion of a qualified medical expert was not, in and of itself, proper evidence to go before a jury when it is supported by evidence of the blood-alcohol level. In *Billow*, the evidence was excluded because it established only that decedent's driving would have been *affected* by his blood-alcohol level. The key to the *Billow* holding was the failure of the evidence to go far enough and establish *unfitness* to drive.

The dissent in *Rovegno* makes it clear that the majority in that case appeared to go off on the fact that in both *Rovegno* and *Billow*, the evidence of intoxication consisted of a blood-alcohol test and the opinion of a medical expert. Since *Billow* did not admit such evidence, the *Rovegno* majority glossed over the important semantic difference between *affected* (*Billow*) and *unfit* (*Rovegno*) and embraced *Billow* as categorically holding that evidence of a blood-alcohol test supplemented by the opinion of a qualified medical expert would never be sufficient for placement before a jury on the question of intoxication no matter what the expert testified to. This was definitely not the holding in *Billow* as a close reading of that case establishes.

Moreover, the testimony of qualified experts dealing with questions in their field of expertise is accepted today as a matter of course throughout the United States. Continuously, such questions involve matters far more abstruse and with more complicated and conjectural factual underpinnings than are here presented. As in any other case where qualified experts with a reasonable pretense of knowledge testify, it is up to the jury to decide whom to believe.[1]

---

1. See *Rutter v. Northeastern Beaver County School Dis-*

Also, it must be remembered that in the *Rovegno* case, the court was dealing with whether the trial court had abused its discretion. It is unclear from the Court of Appeal's opinion whether, if the trial court had ruled the other way, the Court of Appeals would have reversed the trial court's decision.

In the absence of a ruling by the U.S. Supreme Court, the decision of a federal intermediate appellate panel is not binding on Pennsylvania courts, *Lucera v. Johns-Manville Corp.*, 354 Pa. Super. 520, 512 A.2d 661 (1986); *Cianfrani v. Johns-Manville Corp.*, 334 Pa. Super. 1, 482 A.2d 1049 (1984); *Rader v. Pennsylvania Turnpike Commission*, 407 Pa. 609, 182 A.2d 199 (1962); *Breckline v. Metropolitan Life Insurance Co.* 406 Pa. 573, 178 A.2d 748 (1962). Accordingly, this court is not required to follow the *Rovegno* decision.

Plaintiff also relies upon *Ackerman v. Delcomico, supra.* There, the trial court admitted evidence of a pedestrian's intoxication which included his blood-alcohol content. The Superior Court held that evidence of blood-alcohol content was properly admitted along with other evidence of intoxication. In dicta, the court stated that blood-alcohol level was admissible only if there was other evidence of the actor's conduct which suggested intoxication. *Ackerman* is inapplicable to the instant case as both the facts presented and the issue addressed differ significantly. In *Ackerman*, the court determined only that blood-alcohol level was properly admitted when corroborated by independent evidence of

*trict,* 496 Pa. 590, 437 A.2d 1198 (1981). (If a witness has any reasonable pretension to specialized knowledge on the subject under investigation, he may testify, and the weight to be given to his evidence is for the jury.)

intoxication which included the pedestrian's demeanor and appearance. The issue before this court is whether evidence of blood-alcohol level and expert testimony, which together establish unfitness to drive, are admissible. The *Ackerman* court did not comment on whether a blood-alcohol test would be admissible if it was corroborated by the opinion of a qualified medical expert that a person with that blood-alcohol content would be *unfit* to drive.

In Pennsylvania, a person with a blood-alcohol content of 0.10 percent or greater is presumed to be under the influence of alcohol.[2] Moreover, Pennsylvania law prohibits a person from driving a vehicle while under the influence of alcohol.[3] The clear implication is that a person with a blood-alcohol content of 0.10 percent or above is unfit to drive. See *Schwarzbach v. Dunn,* 252 Pa. Super. 454, 381 A.2d 1295 (1977).

Since the evidence offered by the defendant reasonably establishes a degree of intoxication which proves unfitness to function, it is admissible. Accordingly, plaintiff's motion in limine is denied.

---

2. 75 Pa.C.S. §1547(d)(3). This section provides, in pertinent part:

"(d) *Presumptions from amount of alcohol* — If chemical analysis of a person's breath or blood shows . . .

"(3) That the amount of alcohol by weight in the blood of the person tested is 0.10 percent or more, it shall be presumed that the defendant was under the influence of alcohol."

The Pennsylvania Supreme Court has held that, in a criminal proceeding, the presumption is really no more than an inference which the jury may accept or reject in light of all the evidence in the case. *Commonwealth v. DiFrancesco,* 458 Pa. 188, 392 A.2d 204 (1974).

3. 75 Pa.C.S. §3731(a)(1).