## Hockenberry v. Detwiler

C.P. of Centre County, no. 2002-1710.

*James B. Cole,* for plaintiff.
*Katherine V. Oliver,* for defendant.

GRINE, *J.,* February 27, 2004—Plaintiff brings a motion in limine to preclude defendant from presenting evidence at trial on two issues in this case involving a one-car accident that occurred June 15, 2001.

The first issue the court will address is evidence that plaintiff was drinking alcoholic beverages and/or using illegal drugs before the accident that is the basis of the instant lawsuit. As plaintiff points out, when carelessness or recklessness is at issue, proof of the actor's in-

toxication is relevant. However, the mere fact that the actor consumed alcohol is not admissible unless it reasonably establishes intoxication. *Billow v. Farmers Trust Co.,* 438 Pa. 514, 266 A.2d 92 (1970). Plaintiff offers that the testimony of all potential witnesses shows that plaintiff did consume some alcohol on the evening of the accident, but none of the testimony goes so far as to reach a reasonable conclusion that plaintiff was intoxicated. Defendant agrees. Defendant states in her brief that the current evidence of record as to any alcohol use by plaintiff will not be offered in testimony or evidence. Defendant further states that there is nothing on the record to indicate that plaintiff used drugs on the night/morning hours before the accident. The court concurs and such evidence as to plaintiff's use of alcohol or drugs within the evening/night/morning immediately before the accident will be suppressed, provided no new evidence to the contrary comes to light.

The other issue presented by plaintiff for preclusion is false statements plaintiff made during an interview after the accident. Plaintiff made a statement on September 26, 2001, to defendant's liability carrier stating that his fractured jaw injury was from a dirt bike accident that occurred about a month after the car accident on June 15, 2001. Then in depositions for this case on October 13, 2003, plaintiff testified that his jaw had been broken during an assault by his cousin. Plaintiff claims that the manner in which his jaw was broken is not material or relevant to this matter other than to impeach his credibility as a witness. Impeachment on a collateral matter is impermissible under Pa.R.E. 608(b)(1).

Defendant disagrees that plaintiff's jaw injury is a collateral matter. Defendant asserts that statements about plaintiff's jaw injury have potential bearing on his injury claims in this matter, particularly the extent of the injuries and how they occurred. Plaintiff's jaw was broken on July 15, 2001, one month after the car accident. Defendant offers plaintiff's statements to the insurance carrier and plaintiff's deposition as exhibits.

In the statement to the insurance carrier, plaintiff explained in detail how he broke his jaw attempting a jump on his dirt bike. He stated that he was wearing a helmet and glasses at the time, so that accident would not account for his eye injury. Plaintiff had also stated to the insurance carrier that his face had hit the dashboard of the car during the car accident. He said that as a result of the accident, his nose was broken and he suffered an eye injury that permanently paralyzed the pupil in his right eye.

Subsequently, in depositions, plaintiff explained that his jaw injury had happened when his cousin had kicked him in the face during a fight. The doctor's report for treatment after the assault, also offered by plaintiff as an exhibit, states that plaintiff appeared to have been "punched in the face multiple times causing a rather significant fracture of his lower jaw." The report also states that plaintiff may have been punched in the head and nose a number of times and may have lost consciousness. Plaintiff claims that he lied in the earlier interview to protect his family member, but later told the truth in the deposition because he wanted to be sure his injuries from the car accident would be covered.

Plaintiff's injury claims in this matter include a broken nose, a broken right index finger, a permanent injury to his right eye and migraine headaches. He does not claim the broken jaw that he got from the altercation with his cousin. However, most of plaintiff's injuries claimed from the car accident are injuries to his face, as are the injuries he received a month later from his cousin's assault. There is inconclusive evidence from the medical reports that the only injury plaintiff received in the fight with his cousin was the broken jaw. That assault may have caused further injury to plaintiff's previous injuries from the car accident. Furthermore, the fact that plaintiff initially lied about how he received the broken jaw is relevant in this matter because plaintiff may also be lying about the extent of the injuries he received from his cousin. His cousin's assault may have aggravated injuries plaintiff sustained in the car accident.

The court finds that the issue of plaintiff's false statements and resulting evidence are relevant to plaintiff's injury claims in this matter and therefore will not be precluded from trial.

## ORDER

And now, February 27, 2004, for the reasons stated above, it is ordered and decreed that plaintiff's motion in limine is hereby granted pertaining to the issue of plaintiff's possible alcohol and/or drug use before the accident, pending any new evidence on the subject, and hereby denied on the issue of plaintiff's false statements made pertaining to his injuries.