# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| ANN COUGHLIN, ADMINISTRATRIX OF THE ESTATE OF THOMAS COUGHLIN, DECEASED, | : | No. 166 EAL 2016 |
| | : | |
| | : | |
| | : | Petition for Allowance of Appeal from |
| Petitioner | : | the Order of the Superior Court |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UMMU MASSAQUOI, | : | |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 24th day of August, 2016, the Petition for Allowance of Appeal is

**GRANTED**.  The issue, as stated by Petitioner, is:

> In a civil trial brought on behalf of a pedestrian who was killed by a motorist, is it reversible error where the defendant motorist admits evidence of the pedestrian's uncorroborated post-mortem blood alcohol content (BAC) by way of a toxicology expert who merely explains the uncorroborated BAC in terms of how an equivalent BAC would render an "average" person unfit to cross the street?