# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| ANN COUGHLIN, ADMINISTRATRIX OF THE ESTATE OF THOMAS COUGHLIN, DECEASED, | : | No. 32 EAP 2016 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| | : | Court entered on March 21, 2016 at No. |
| Appellant | : | 3367 EDA 2014, affirming the Judgment |
| | : | entered on January 26, 2015 in the |
| | : | Court of Common Pleas of Philadelphia |
| v. | : | County, Civil Division, at No. 355 July |
| | : | Term 2013 |
| | : | |
| UMMU MASSAQUOI, | : | ARGUED: March 7, 2017 |
| | : | |
| Appellee | : | |

## OPINION

**JUSTICE TODD**                                                          **DECIDED: September 28, 2017**

In this appeal by allowance, we consider the admissibility of a pedestrian's post-mortem blood alcohol content ("BAC") in a personal injury action against a motorist and, more specifically, whether independent corroborating evidence of the pedestrian's intoxication is required, in addition to expert testimony interpreting the BAC, before the BAC evidence may be admitted. For the reasons that follow, we decline to adopt a bright-line rule predicating admissibility on the existence of independent corroborating evidence of intoxication and, instead, hold that the admissibility of BAC evidence is within the trial court's discretion based upon general rules governing the admissibility of evidence, *see* Pa.R.E. 401-403, and the court's related assessment of whether the evidence establishes the pedestrian's unfitness to cross the street. Thus, we find that

the trial court properly exercised its discretion in admitting the BAC evidence at issue in the instant case, and we affirm the order of the Superior Court.

The facts of this matter are relatively straightforward and arise out of a fatal accident involving a collision between a motor vehicle and a pedestrian. Specifically, on the evening of January 13, 2012, Appellee Ummu Massaquoi was driving southbound on Castor Avenue, a four-lane road in Philadelphia, when she struck pedestrian Thomas Coughlin near the intersection of Castor and Howell Street.[1] Massaquoi admitted to authorities at the scene that she did not see Coughlin prior to the impact. Coughlin was later transported to the hospital, where he was pronounced dead. Shortly thereafter, the medical examiner performed an autopsy and toxicology testing, which revealed that Coughlin had a BAC of .313,[2] as well as trace amounts of illegal substances in his blood.[3] Notably, Coughlin's whereabouts prior to the accident were unknown, no witnesses had observed his condition or behavior earlier that evening or

---

[1] The trial court described that Coughlin was "walking across Castor Avenue," Trial Court Opinion, 6/30/2015, at 1, and the responding police officer stated that the accident occurred on "Castor Avenue near Howell Street." N.T., 8/4/2014, at 55. Regardless of any ambiguity concerning Coughlin's precise location at the time of the accident, as we note *infra*, the discrete facts of this case are not relevant in deciding the purely legal question before us. *See infra* note 9.

[2] The DUI statute criminalizes driving a motor vehicle with a BAC of 0.08 or above. 75 Pa.C.S. § 3802(a)(2). We note this limit purely as a point of reference and do not suggest that the standards regarding blood alcohol levels set forth in the DUI statute should govern the admissibility of BAC evidence in civil cases involving allegedly intoxicated pedestrians.

[3] According to testimony from Dr. Richard Saferstein, Massaquoi's expert toxicologist, which we will discuss in more detail *infra*, the toxicology report revealed that less than 100 micrograms per liter of cocaine metabolite was found in Coughlin's blood, indicating that Coughlin had used cocaine within the previous 24 hours. However, Dr. Saferstein opined that Coughlin's BAC would have overridden the minimal effects that the metabolite may have had on Coughlin's behavior. N.T., 8/5/14, 22, 25-26. The propriety of the admission of this cocaine-related evidence is not before us.

immediately before the accident, and the police report for the incident did not indicate that he had appeared intoxicated or that intoxication had been a factor in causing the accident.

On July 2, 2013, Coughlin's mother, Appellant Ann Coughlin, filed a wrongful death and survival action against Massaquoi, alleging that Massaquoi's negligence and carelessness caused Coughlin's death. Appellant also filed a motion *in limine* prior to trial in which she sought to preclude evidence pertaining to the alcohol and illegal substances that were present in Coughlin's system at the time of his death, alleging that such evidence lacked necessary independent corroboration, was irrelevant, and would prejudice the jury. The trial court denied the motion, permitting the defense to admit evidence regarding the presence of drugs and alcohol in Coughlin's blood, but precluding the defense from opining as to the proximate cause of Coughlin's death.

The case proceeded to a jury trial before the Honorable Angelo Foglietta, which commenced on August 1, 2014 and lasted three days. Relevant to the instant matter, in her defense, Massaquoi introduced the results of the toxicology report and presented testimony from Dr. Saferstein, an expert toxicologist, who opined that the average person with a BAC of .313 would be "severely intoxicated" and would demonstrate poor muscular and body coordination, slow and unsteady hand movements, poor hand-to-eye and foot-to-eye coordination, and "a significant deterioration in judgment and self-control," making it likely that the person would engage in risky behavior. N.T., 8/5/14, at 23. While Dr. Saferstein noted that it was possible for a person to build a tolerance to alcohol such that he or she "may not show the outward manifestations of alcohol," he explained that "tolerance is not a factor when it comes to judgment," as such individuals will nevertheless "show poor judgment and poor self-control" regardless of their tolerance level. *Id.* at 26-27. Further, Dr. Saferstein opined that an individual with a

BAC of .313 "could not safely cross the street without endangering his life and well-being," noting that, under the influence of that level of alcohol, "[y]ou shouldn't be driving, and you shouldn't be taking chances walking as a pedestrian." *Id.* at 27.

Following deliberations, the jury found that Massaquoi was negligent, but that her negligence was not the factual cause of Coughlin's death. Appellant filed a post-trial motion, seeking a new trial. The trial court denied the motion, and Appellant filed a motion for reconsideration and a notice of appeal. The trial court denied the motion and ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed her Rule 1925(b) statement, wherein she raised challenges to the trial court's decision to deny her motion *in limine* and to admit evidence of Coughlin's post-mortem BAC without independent, corroborative evidence of his intoxication.

In its Pa.R.A.P. 1925(a) opinion, the trial court determined that it did not abuse its discretion in admitting evidence of Coughlin's BAC or the limited expert testimony from Dr. Saferstein regarding BAC. While Appellant asserted that Coughlin's BAC would have been admissible only if it had been accompanied by other evidence of his intoxication, the trial court explained that Dr. Saferstein's testimony constituted sufficient "other evidence" of intoxication, as it demonstrated that someone sharing the same BAC as Coughlin would have engaged in excessive drinking, would have been unfit to cross the street, and would have been "more likely to engage in risky behavior like crossing the street while a car is coming." Trial Court Opinion, 6/30/2015, at 7.

The court further emphasized that Coughlin's BAC was "exceedingly high" — at a level nearly four times the legal limit to operate a vehicle — which the court suggested may obviate the need for additional evidence or, at the very least, reduce the amount of additional evidence needed to establish that Coughlin's BAC would have rendered him

unfit to cross the street. *Id.* at 9. Nevertheless, assuming that additional evidence was necessary in this case, the court concluded that Dr. Saferstein's testimony "was sufficiently corroborative on the issue of intoxication" to prove that Coughlin was unfit to cross the street, and that neither the testimony, nor Coughlin's BAC testing results, was unduly prejudicial to Appellant. *Id.* at 14. Thus, the court found that the evidence was properly admitted.

In an opinion authored by President Judge *Emeritus* Ford Elliot and joined by Judge Stabile, the Superior Court affirmed, concluding the evidence of Coughlin's intoxication was admissible. *Coughlin v. Massaquoi*, 138 A.3d 638 (Pa. Super. 2016). The court explained that, in cases such as the instant one where careless driving is at issue, it has held that evidence of a pedestrian's consumption of alcohol is "inadmissible unless it proves unfitness to be crossing the street." *Id.* at 643 (quoting *Whyte v. Robinson*, 617 A.2d 380, 383 (Pa. Super. 1992)). Further, with respect to evidence of BAC, the court noted that "blood alcohol level alone may not be admitted for the purpose of proving intoxication," but, rather, must be combined with "other evidence showing the actor's conduct which suggests intoxication." *Id.* at 644 (quoting *Ackerman v. Delcomico*, 486 A.2d 410, 414 (Pa. Super. 1984) (citations omitted)).

Here, the Superior Court observed that Dr. Saferstein specifically testified that, in his expert opinion, a person with a BAC greater than .31 would be unfit to cross the street safely and that the person's judgment would be significantly impaired. Although no third-party eyewitness testimony existed to independently corroborate Coughlin's intoxication, the court, relying upon its decision in *Gallagher v. Ing*, 532 A.2d 1179 (Pa. Super. 1987), opined that corroborating evidence of intoxication "may consist of expert testimony describing the effects of a particular BAC level on the average person." *Id.* at 645. Accordingly, the court held that Dr. Saferstein's expert testimony constituted

sufficient "other evidence" of Coughlin's intoxication to support the admission of Coughlin's BAC, and, thus, that the trial court did not abuse its discretion in denying Appellant's motion *in limine* and motion for a new trial.[4]

Judge Strassburger filed a concurring statement, joined by Judge Stabile, in which he agreed with the Superior Court's main conclusion, but criticized Appellant's reliance on the Superior Court's decision in *Clinton v. Giles*, 719 A.2d 314 (Pa. Super. 1998) (holding that evidence of an injured pedestrian's BAC and expert testimony regarding the BAC was properly excluded at trial because the motorist failed to present independent corroborating evidence of the pedestrian's intoxication), based on his view that *Clinton* was no longer good law following that court's decision in *Braun v. Target Corp.*, 983 A.2d 752 (Pa. Super. 2009) (holding that corroborative evidence of intoxication may be in the form of expert testimony explaining how a particular BAC would affect an injured party's fitness to perform the activity in question). *Coughlin*, 138 A.3d at 645 (Strassburger, J., concurring).

Following the Superior Court's decision, Appellant filed a petition for allowance of appeal with this Court. We granted review of the following question:

> In a civil trial brought on behalf of a pedestrian who was killed by a motorist, is it reversible error where the defendant motorist admits evidence of the pedestrian's uncorroborated post-mortem [BAC] by way of a toxicology expert who merely explains the uncorroborated BAC in terms of how an equivalent BAC would render an "average" person unfit to cross the street?

*Coughlin v. Massaquoi*, 144 A.3d 925 (Pa. 2016) (order).

---

[4] The court observed that the jury's verdict potentially could be characterized as inconsistent or against the weight of the evidence, but noted that Appellant did not raise the issue on appeal. *Coughlin*, 138 A.3d at 640 n.1.

Our review of this issue encompasses both the trial court's denial of Appellant's motion *in limine* and the denial of her motion for new trial. In either case, we apply an abuse of discretion standard. *Commonwealth v. Rosen*, 42 A.3d 988, 993 (Pa. 2012); *Harman v. Borah*, 756 A.2d 1116, 1121-22 (Pa. 2000).

With respect to the admissibility of evidence generally, our rules of evidence provide that evidence is admissible if it is relevant — *i.e.*, if it "logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact," *Commonwealth v. Jordan*, 65 A.3d 318, 324 (Pa. 2013) (internal quotation marks omitted); Pa.R.E. 401 — and if the probative value of the evidence outweighs its potential for unfair prejudice, Pa.R.E. 403.[5]

In the context of a negligence action involving a driver's alleged carelessness or recklessness, evidence regarding the consumption of alcohol by either the driver or the victim may be relevant to the issue of causation. *See Critzer v. Donovan*, 137 A. 665, 666 (Pa. 1927). The difficulty with such evidence, however, lies with its potential to greatly prejudice the individual against whom it is offered, as we have long recognized that "[t]he word 'drinking,' where alcohol is involved, carries the inevitable connotation of *considerable* drinking," even if the individual who consumed the alcohol consumed only a small amount. *Harvey v. Doliner*, 160 A.2d 562, 565 (Pa. 1960) (emphasis original). Accordingly, in order to safeguard against unfair prejudice, the courts of this Commonwealth will admit evidence regarding the consumption of alcohol only if the evidence reasonably shows intoxication. *Critzer*, 137 A. at 666.

---

[5] Rule 403 provides that a court "may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

To appreciate the current status of the law in this Commonwealth regarding evidence of intoxication in the civil context, a brief recitation of the history of the case law is necessary. This Court first articulated the intoxication standard for the admissibility of evidence pertaining to alcohol consumption in a civil negligence action in *Critzer*, wherein a motorist struck and injured a pedestrian as she was standing on the pavement waiting for a streetcar, and the pedestrian later brought an action against the driver for reckless driving. At trial, the pedestrian introduced testimony from a witness who allegedly smelled alcohol on the driver's breath, and, ultimately, the jury found in the pedestrian's favor. We held on appeal that the trial court erred in admitting evidence regarding the driver's consumption of alcohol, as "[t]here was no allegation or proof of intoxication, nor was there any evidence of conduct or appearance from which a reasonable inference could be drawn that the [driver] was intoxicated, except as found in the statement that the witness 'smelled liquor' on the driver's breath after the accident," which we found was insufficient by itself to prove intoxication. *Id.*

Following *Critzer*, this Court further clarified the intoxication standard in *Fisher v. Dye*, 125 A.2d 472 (Pa. 1956), a wrongful death and survival action arising from an automobile collision. In that case, Fisher, who crashed his car into Dye's vehicle, had introduced evidence at trial that Dye and his wife, who was killed during the collision, had been drinking heavily at a club immediately prior to the accident. Although a new trial had been granted on other, unrelated grounds and this Court did not specifically opine as to the sufficiency of the evidence of intoxication, we cautioned that, if, during the new trial, Fisher again sought to introduce evidence regarding the Dyes' consumption of alcohol, the trial court must take into account that, "while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly

prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive." *Id.* at 476.

The Superior Court later extended this "unfitness" test to evidence regarding an injured *pedestrian's* consumption of alcohol in the case of *Kriner v. McDonald*, 302 A.2d 392 (Pa. Super. 1973). Therein, the court held that evidence of a pedestrian's alcohol consumption was inadmissible where the evidence did not prove the pedestrian's "unfitness to be crossing the street." *Id.* at 394. Thus, the court explained, in such cases, "no reference should be made to a pedestrian's use of alcohol unless there is evidence of intoxication or copious drinking on the part of the pedestrian" such as "evidence that the injured party was staggering or had liquor on his breath." *Id.*

Although the standard for admitting alcohol consumption evidence in civil negligence actions has been well settled since our decisions in *Critzer* and *Fisher*, this standard has varied when applied to evidence of a party's BAC. In *Billow v. Farmers Trust Co.*, 266 A.2d 92 (Pa. 1970), which involved a negligence action arising from a fatal car accident, the driver unsuccessfully sought to admit evidence of the other driver's BAC, which was .14 at the time of the accident, and testimony from an expert who would have opined that a BAC of .14 would have "affected" a man's driving. *Id.* at 93. While, significantly, this Court did not suggest that BAC evidence could *never* be admitted, we held that the trial court properly excluded the evidence in that case, explaining that the expert's "opinion that a person with a [BAC] of .14 would be 'affected' in his driving falls short of the requirement that the evidence show 'a degree of intoxication which proves unfitness to drive.'" *Id.* (quoting *Morreale v. Prince*, 258 A.2d 508 (Pa. 1969)) (internal quotation marks omitted).

Thereafter, in *Ackerman*, which involved a vehicle that struck a pedestrian, the Superior Court, relying, in part, on our decision in *Billow*, expanded upon the

admissibility requirements for BAC evidence. Specifically, the court held that "[BAC] alone may not be admitted for the purpose of proving intoxication," but, rather, must be accompanied by "other evidence showing the actor's conduct which suggests intoxication." 486 A.2d at 414. Notably, the court provided no support or policy basis for this "other evidence" requirement. In applying that standard, the court observed that evidence of the pedestrian's .195 BAC was accompanied by testimony that the pedestrian had been drinking beer since late in the afternoon on the date of the accident, testimony that he had the smell of alcohol on his breath, and hospital records from his treatment immediately after the accident, which documented that he had admitted to drinking heavily, that he was slurring his speech, and that he showed a low level of alertness. The court found that, although no explanatory expert testimony had been presented with the evidence of the pedestrian's BAC, the evidence regarding the pedestrian's alcohol consumption, demeanor, and appearance nevertheless sufficiently established intoxication, and, thus, the trial court properly admitted evidence of the pedestrian's BAC. While no expert testimony was offered in *Ackerman*, the court cautioned that BAC evidence typically should be accompanied by expert testimony, as "[w]ithout explanation, the [BAC] has little meaning to factfinders and quite possibly great potential for resulting prejudice to the party against whom it is used." *Id.*

In the cases that followed, the lower courts generally have construed *Ackerman* as requiring additional evidence of intoxication *beyond* expert testimony before admitting an individual's BAC. In *Clinton*, for example, the Superior Court held that the trial court properly excluded a pedestrian's BAC and expert testimony interpreting the BAC, as, in the court's view, neither was admissible without "independent corroboration of the [pedestrian's] conduct on the night of the accident." 719 A.2d at 319. Consistent with *Clinton*, in *Kraus v. Taylor*, 710 A.2d 1142, 1146 (Pa. Super. 1998), the Superior

Court held that evidence of a pedestrian's .25 BAC was properly admitted where it was accompanied by "substantial evidence of [pedestrian's] intoxication at the time of the accident" — namely, expert testimony that a .25 BAC would have severely impaired the pedestrian's motor skills and judgment, and testimony from the responding officer that he smelled alcohol on the pedestrian's breath shortly after the accident. *See also Gallagher*, 532 A.2d at 1183 (holding that evidence of the decedent's .18 BAC was admissible where it was accompanied by testimony from an expert toxicologist opining that he would have been unfit to operate a motor vehicle and by testimony from his friends that he had been drinking scotch 90 minutes before the accident); *Braun*, 983 A.2d at 762 (holding that evidence of a deceased construction worker's .27 BAC was admissible in a negligence action against the decedent's employer where it was accompanied by testimony from an expert toxicologist opining that such a BAC significantly increased the decedent's risk of a work-related accident and by testimony that he had been drinking throughout the day before the incident).

Most recently, in *Rohe v. Vinson*, 158 A.3d 88 (Pa. Super. 2016), the Superior Court held that the trial court erroneously admitted evidence of a motorist's alcohol consumption, including the motorist's .07 BAC, and testimony from an expert toxicologist who opined that the motorist would have had a BAC of between .085 and .1 at the time of the incident and that he would have been incapable of driving safely. Relying on *Gallagher*, and noting the speculative nature of the "relation back" testimony, the court reasoned that the expert's testimony did not constitute sufficient corroborating evidence to "establish a degree of intoxication reasonably demonstrating [the motorist's] unfitness to drive" given that the motorist's BAC was below the statutory limit and that "there was no other objective indicia [the motorist] was unfit to drive." *Id.* at 101.

It is against this legal backdrop that we now turn to the parties' respective arguments. Appellant maintains that the trial court abused its discretion in denying her motion *in limine* and in admitting Coughlin's BAC, asserting that *Ackerman* and its progeny require independent eyewitness testimony corroborating a pedestrian's intoxication before evidence of that pedestrian's BAC may be admitted. Appellant notes that, in the case *sub judice*, the only evidence which raised a potential inference of Coughlin's intoxication was his BAC, as no witnesses observed his conduct leading up to, or during, the accident. While Massaquoi offered expert testimony from Dr. Saferstein explaining the BAC results and the effects of such a BAC on the average person, and, although Appellant concedes that expert testimony in this regard may be probative of intoxication, Appellant claims that additional, "independent corroborating testimony" concerning Coughlin's conduct or demeanor was necessary to provide foundation to Dr. Saferstein's testimony and to ensure that the BAC results were reliable, particularly given that alcohol affects each person differently and Coughlin may have indeed been fit to cross the street with such a BAC level. Appellant suggests that the body of case law in this area requires this additional evidence in order to protect a pedestrian from being unfairly prejudiced by insufficient or unreliable evidence of intoxication, and in order to avoid giving defense toxicology experts *carte blanche* to opine that a pedestrian was unfit to cross the street solely based upon the existence of alcohol in one's system.[6]

---

[6] As further support for Appellant's claim that additional corroborating evidence was necessary before admitting Coughlin's BAC results, Appellant asserts that post-mortem BAC results may be inaccurate or subject to medical error, and that Dr. Saferstein's testimony was inadequate. However, these arguments are beyond the scope of our grant of allocatur; thus, we will not discuss them further.

Appellant characterizes the holding of the courts below as abandoning what she deems an established qualitative analysis of a pedestrian's fitness to cross the street in favor of a new, "hard-line quantitative rule" that someone with a BAC exceeding the statutory guidelines for driving under the influence ("DUI") will automatically be rendered unfit to cross the street. Appellant's Brief at 25. Appellant maintains that the lower courts' reliance on the statutory DUI guidelines is inappropriate in the context of a pedestrian case because those guidelines reflect a policy decision by the legislature to ensure safety on the roads and to dissuade individuals from drinking and driving by imposing strict liability on individuals who drive under the influence of alcohol, regardless of their subjective level of impairment. Appellant highlights that, by contrast, such policy concerns are not present when a pedestrian is under the influence of alcohol; thus, civil negligence cases involving injured pedestrians center on the individual's level of intoxication and unfitness to walk, rather than his or her consumption of alcohol generally.

Appellant also criticizes the Superior Court's reliance on *Gallagher*, which, she emphasizes, did not stand for the proposition that expert testimony alone is sufficient to admit BAC evidence. Rather, Appellant points out that additional evidence beyond the expert testimony existed in *Gallagher* to support admitting the motorist's BAC, including testimony from the motorist's friends that he had been drinking scotch 90 minutes prior to the accident and testimony from eyewitnesses that the motorist was driving at a high rate of speed near the scene of the accident. In any event, Appellant claims that *Gallagher* is distinguishable from the instant case because it concerned an intoxicated

motorist and referenced an earlier version of our Commonwealth's DUI statute, which, again, Appellant maintains has no bearing on a case involving a pedestrian.[7]

Massaquoi responds by arguing that an expert toxicologist's testimony regarding an individual's BAC constitutes sufficient corroborative evidence of intoxication, and its admission should not be predicated on the existence of additional evidence. In support of her position, Massaquoi emphasizes that BAC evidence is reliable and has been admitted as evidence of intoxication by courts across the country since the 1930s.[8] Massaquoi contends that requiring eyewitness testimony regarding a pedestrian or a motorist's intoxication before admitting that person's BAC and expert testimony interpreting the BAC would be "manifestly unjust," as it would potentially deprive a jury of relevant information and allow an individual to escape the consequences of his or her actions if no one happened to witness that person consume alcohol or otherwise appear intoxicated. Appellee's Brief at 9.

While this Court held that expert testimony regarding a driver's BAC was inadmissible in *Billow*, Massaquoi asserts that *Billow* is distinguishable because the expert in that case merely opined that a BAC of .14 would have "affected" the driver's ability to drive, falling short of the established standard of proving "unfitness" to drive. By contrast, Massaquoi notes that, in the instant case, Coughlin had a BAC of .313, which was "extremely elevated" and indicated that he likely was suffering from alcohol poisoning at the time of the accident, leaving no question that he was impaired and unfit

---

[7] Appellant also observes that the Superior Court explicitly stated in *Ackerman* that a jury may not receive a charge on the presumption of legal intoxication, as operating a motor vehicle under the influence of alcohol is wholly unrelated to walking on a public street.

[8] Additionally, to the extent that Appellant challenges the reliability and authenticity of the BAC test results, Massaquoi avers that such arguments are waived pursuant to Pa.R.A.P. 302(a) because Appellant never raised them during trial.

to cross the street. *Id.* at 8. Massaquoi further suggests, consistent with Judge Strassburger's concurring opinion below, that, although not squarely on point, the Superior Court's decision in *Braun*, wherein the court held that evidence of BAC was properly admitted where it was accompanied by expert testimony interpreting the BAC, overruled prior decisions such as *Clinton*, which held that independent evidence of the pedestrian's conduct was required before evidence of the pedestrian's BAC and accompanying expert testimony could be admitted.

As we explained above, the admissibility of evidence is traditionally within the trial court's discretion based upon the court's assessment of whether the evidence is relevant and whether its probative value outweighs its potential to cause unfair prejudice. *Brady v. Urbas*, 111 A.3d 1155, 1161 (Pa. 2015); Pa.R.E. 401, 403. Although evidence of the consumption of alcohol carries the potential to prejudice the party against whom it is offered, it has been well established since our decisions in *Critzer* and *Fisher* that such evidence is admissible in cases where careless or reckless driving is at issue, and it will not be viewed as "unfairly prejudicial" so long as "*it reasonably establishes a degree of intoxication which proves unfitness to drive.*" *Fisher*, 125 A.2d at 476 (emphasis added). Neither party challenges the Superior Court's application of this unfitness standard to careless driving cases involving a pedestrian, *see Kriner*, 302 A.3d at 394; thus, absent a challenge to the court's application of that standard in this context, we will accept it in the instant case, and find that evidence of a pedestrian's consumption of alcohol must similarly establish his or her unfitness to cross the street.

Despite these general principles regarding the admissibility of intoxication evidence, however, Appellant suggests that, in a civil negligence case such as the case *sub judice*, evidence of a pedestrian's BAC is so inherently prejudicial that it should be

barred *per se* if it is not accompanied by independent evidence corroborating the pedestrian's intoxication at the time of the accident. We must disagree.

First, although the Superior Court has indicated that additional evidence of an individual's intoxication is required when a party seeks to admit evidence of that person's BAC, *see, e.g., Ackerman*, our Court has never endorsed this heightened evidentiary requirement for BAC evidence. Indeed, while we rejected evidence of the driver's BAC in *Billow*, we did so not because the appellants failed to offer corroborating evidence of the decedent's intoxication, but, rather, because the expert testimony concerning the BAC evidence merely established that such a BAC would have "affected" a person's driving, which was insufficient to satisfy our standard of proving that the driver was "unfit" to drive. *Billow*, 266 A.2d at 93.

Second, while we are sympathetic to Appellant's concerns and are certainly mindful of the potential for prejudice that BAC evidence may cause to the person against whom it is offered, this potential exists with *all* evidence regarding the consumption of alcohol. As we have intimated in our earlier decisions, however, the trial court's assessment of whether evidence of intoxication reasonably establishes the relevant finding of unfitness provides sufficient protection against *unfair* prejudice. *See Fisher*, 125 A.2d at 476 ("[W]hile proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being *unfairly prejudicial*, unless it reasonably establishes a degree of intoxication which proves unfitness to drive." (emphasis added)). Thus, although evidence of a pedestrian's BAC alone may fail to establish unfitness to cross the street (given that jurors might not understand the significance of various BAC levels without explanatory expert testimony), where, as here, an expert testifies thoroughly regarding the effects that a given BAC has on an individual's

behavior and mental processes, and where that expert *specifically opines* that a particular BAC would render a pedestrian unfit to cross the street, we find the probative value of such evidence outweighs its potential for unfair prejudice.  We cannot discern, nor does Appellant identify, any meaningful distinction between the potential prejudice from BAC evidence and other types of intoxication evidence which would warrant the application of different evidentiary requirements for BAC evidence, apart from the potential need for expert explanation regarding this evidence.  This is particularly so given that Appellant concedes that BAC evidence and accompanying expert testimony may prove intoxication, *see* Appellant's Brief at 36 ("expert testimony explaining the significance of a BAC can be corroborative of the issue of intoxication"), and the fact that courts have been relying on BAC testing results as evidence of intoxication from as early as the 1930s.  *See Birchfield v. North Dakota*, 136 S.Ct. 2160, 2167 (2016).  Similarly, we are unpersuaded by *Ackerman* and its progeny, which provided no rationale for requiring BAC evidence to be accompanied by independent corroborating evidence of intoxication.

Lastly, as this case illustrates, there will not always be witnesses to a car accident or to the parties' behavior or demeanor leading up to that accident.  In such cases, evidence of a pedestrian's BAC, when combined with expert testimony explaining how the BAC correlates with certain behavior, is particularly valuable, as it is probative of intoxication and, perhaps, unfitness to cross a street.  If we were to categorically exclude relevant BAC evidence from all cases which lack independent corroborating evidence of the pedestrian's intoxication, we would be depriving juries of valuable insight, which, absurdly, would place pedestrians — whose intoxication potentially contributed to the accident for which they are suing — at an unfair advantage

simply because no one happened to witness the pedestrian's behavior prior to the accident or the accident itself.

For these reasons, we reject the standard advanced by Appellant and utilized by the Superior Court in *Ackerman* and its progeny that requires independent, corroborating evidence of intoxication before BAC evidence may be admitted. We emphasize, however, that a pedestrian in a case such as this one is free to challenge such evidence by thorough cross-examination, or with testimony from his or her own expert.

Accordingly, as with other evidence of the consumption of alcohol, we hold that BAC evidence is admissible if the trial court determines that it reasonably establishes a pedestrian's unfitness to cross the street. Here, Dr. Saferstein testified in detail regarding the significant impact a .313 BAC would have had on a person's coordination, judgment, and self-control, and he opined that a person with a .313 BAC would be unfit to cross the street. We find this evidence sufficient to establish Coughlin's unfitness to cross the street, and so conclude that the trial court properly exercised its discretion in denying Appellant's motion *in limine* and motion for a new trial on that basis. Thus, we affirm the order of the Superior Court.[9]

_____

[9] Justice Donohue expresses concern in her Concurring Opinion that our analysis is not "tethered" to the facts of this case, and she cautions that evidence regarding a pedestrian's intoxication is admissible only if it is relevant to the issue of the pedestrian's comparative negligence. Concurring Opinion (Donohue, J.) at 1, 4. Justice Mundy also raises concerns in her Dissenting Opinion about the relevance of such evidence, opining that evidence of a pedestrian's BAC is irrelevant absent any independent observation of the pedestrian prior to the accident. We, of course, agree that basic relevancy standards must apply to evidence of a pedestrian's BAC, and it remains in the trial court's discretion to determine whether such evidence is relevant in each case. However, we emphasize that the scope of our allocatur grant in this case was narrow, concerning the purely legal question of whether evidence of a pedestrian's BAC may be admitted without independent corroborating evidence of intoxication. Although Appellant challenged the relevance of Coughlin's BAC evidence below, that (continued…)

Jurisdiction relinquished.

Chief Justice Saylor and Justices Dougherty and Wecht join the opinion.

Justice Donohue files a concurring opinion in which Justice Baer joins.

Justice Mundy files a dissenting opinion.

---

(…continued)
issue is not before us.  As a result, Coughlin's alleged comparative negligence, and the peculiar facts concerning such negligence, are not germane to deciding this appeal.