**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RAJBIR SINGH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MCFADDEN | : | No. 2584 EDA 2019 |

Appeal from the Judgment Entered September 23, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 170903356


BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 18, 2020**

Appellant, Rajbir Singh, appeals from the September 23, 2019 entry of Judgment in his favor following a jury trial in this automobile negligence action.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On October 17, 2016, Appellee, William McFadden, and Appellant were travelling westbound on Walnut Street in Philadelphia.  While driving approximately 15 MPH, Appellee rear-ended Appellant's vehicle.

On September 28, 2017, Appellant commenced the instant action alleging Appellee's negligence had caused him to sustain injuries, including herniated discs resulting in neck and back pain.  The case proceeded through discovery and, on March 11, 2019, Appellee filed a pre-trial Motion in *Limine*.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellee requested that the trial court limit the proposed testimony of Appellant's expert witness Angelo Karakasis, D.C. Appellant intended to call Dr. Karakasis to testify that his review of Appellant's MRI and EMG as well as his knowledge of biomechanical engineering led to the conclusion Appellant's injuries had been caused by the accident with Appellee. Appellee argued that Dr. Karakasis, who was Appellant's treating chiropractor, lacked the expertise to testify on the issue of causation. On March 19, 2019, Appellant filed an Answer to the Motion.

On May 22, 2019, prior to the start of the jury trial, the trial court held a hearing on the Motion in *Limine*. Dr. Karakasis testified about his qualifications. In particular, he testified that he is a doctor of chiropractic medicine. He acknowledged that he is not a licensed medical doctor, a board certified radiologist, a neurologist, or an orthopedist, and further conceded that he is not certified to conduct EMG testing, is not licensed to write prescriptions, and does not hold privileges at any hospital. Additionally, Dr. Karakasis confirmed that he does not hold a degree in biomechanics and has not published any literature in the fields of radiology, neurology, orthopedics, or biomechanics, although he has taken numerous courses in MRI interpretation, crash traumatology, crash biomechanics, biophysics, and the clinical correlation of history, physical findings, and MRI images.[1] Additionally,

---

[1] Appellant conceded that he was not offering Dr. Karakasis as an expert in biomechanics.

Dr. Karakasis stated that he has operated an x-ray lab in his office for the last 30 years.

After considering the argument and testimony, the trial court ruled that Dr. Karakasis was not qualified to offer biomechanical testimony. It also ruled that Dr. Karakasis could not testify regarding causation and MRI and EMG interpretation, and precluded Dr. Karakasis from testifying as to the relationship between Appellant's disc herniations and the accident. The court specifically found that the interpretation of MRIs and EMGs were not part of Dr. Karakasis's licensure as a chiropractor.

Notwithstanding the trial court's rulings, Dr. Karakasis nonetheless testified at trial without objection that Appellant's spine MRI showed five herniated disks and that EMG testing revealed nerve damage to Appellant's disc at C4-5. Most significant to the issue presented in Appellant's brief, Dr. Karakasis opined that the accident caused Appellant's injuries.[2]

The court sustained Appellees' objections to Dr. Karakasis providing an opinion as to the cost of any future surgical procedures or, if Appellant's disc herniations and protrusions predated the accident, whether such conditions would have predisposed Appellant to be more likely to be injured in an accident like the one in question.

---

[2] In particular, Dr. Karakasis testified that Appellant was "injured in this car accident" and that, to a reasonable degree of chiropractic certainty, "this car accident caused [Appellant's] injuries[.]" N.T., 5/23/19, at 140.

Appellee presented the testimony of two medical doctors: Dr. Sachin Dheer, a board-certified radiologist with a subspecialty in orthopedic imaging, and Dr. Howard Levin, a board-certified neurologist. These doctors opined that the accident did not cause the herniations and protrusions in Appellant's spine.

The jury returned a verdict in Appellant's favor, concluding that Appellee's negligence was a factual cause of harm to Appellant. The jury awarded Appellant damages of $500.

Appellant filed a Post-Trial Motion requesting a new trial on the basis of the court's rulings limiting Dr. Karakasis's testimony. The trial court denied Appellant's Motion.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the trial court err and abuse its discretion when it granted [Appellee's] [M]otion in [L]imine and precluded [Appellant's] medical expert and treating chiropractor, Angelo Karakasis, D.C., from testifying that [Appellant's] disc injuries were caused by the subject accident?

2. Did the trial court err and abuse its discretion when it precluded Dr. Karakasis from testifying that the herniations depicted on [Appellant's] spinal MRI studies were caused by the subject accident?

3. Did the trial court err and abuse its discretion when it precluded Dr. Karakasis from using [Appellant's] spinal MRI images as a visual trial exhibit to aid in his testimony about [Appellant's] disc herniation injuries even though Dr. Karakasis reviewed the images and relied upon them as part of his clinical care of patient?

- 4 -

4. Did the trial court err and abuse its discretion when it precluded Dr. Karakasis from testifying about his own interpretation of [Appellant's] MRI imaging studies?

5. Did the trial court err and abuse its discretion when it struck/precluded Dr. Karakasis's trial testimony about post-doctoral education and credentialing he received concerning MRI imaging studies?

6. Did the trial court err and abuse its discretion when it precluded Dr. Karakasis from testifying about the potential future cost of [Appellant's] medical care even though such proffered testimony was within the four corners of Dr. Karakasis's report?

7. Did the trial court err and abuse its discretion in denying [Appellant's M]otion for [P]ost-[T]rial relief in the nature of a new trial, where [Appellant] requested a new trial due to the improper preclusion of Dr. Karakasis's proffered testimony that [Appellant's] spinal disc herniations were caused by the subject accident?

Appellant's Brief at 3-5 (citations to the reproduced record and suggested answers omitted).

As a prefatory matter, we note that, although Appellant purports to raise seven issues on appeal, in the Argument section of his Brief to this Court, he has presented only two distinct arguments, each with one sub-argument, in contravention of our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued[.]"). Further, Appellant's argument section addresses only his claims that the trial court erred in: (1) ruling that Dr. Karakasis was not qualified to testify to his medical diagnosis that the accident caused Appellant's herniated discs; and (2) precluding Dr. Karakasis from publishing Appellant's spinal images to the jury as a visual aid. Appellant's Brief at 31-48. We address these arguments together.

When reviewing the denials of a Motion in *Limine* and a Motion for a New Trial, "we apply an abuse of discretion standard." ***Coughlin v. Massaquoi***, 170 A.3d 399, 403-04 (Pa. 2017) (citation omitted).

We also apply the "abuse of discretion standard when reviewing evidentiary rulings." ***See Phillips v. Lock***, 86 A.3d 906, 920 (Pa. Super. 2014) (applying abuse of discretion standard to evidentiary rulings). Evidentiary rulings that do not affect the verdict will not provide a basis for disturbing the jury's judgment. ***Detterline v. D'Ambrosio Dodge, Inc.***, 763 A.2d 935, 938 (Pa. Super. 2000). ***See also A.Y. v. Janssen Pharmaceuticals, Inc.***, 224 A.3d 1, 21 (Pa. Super. 2019) (to reverse the trial court's evidentiary ruling, the ruling must have been both erroneous and harmful).

The determination of whether a witness has been properly qualified to give expert witness testimony is vested in the discretion of the trial court. ***Yacoub v. Lehigh Valley Medical Assoc.***, 805 A.2d 579, 591 (Pa. Super. 2002). Pennsylvania Rule of Evidence 702 governs the admission of expert witness testimony and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;
>
> (b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and

(c) the expert's methodology is generally accepted in the relevant field.

Pa.R.E. 702.

Our standard for qualifying a witness as an expert is a liberal one. *Miller v. Brass Rail Tavern, Inc.*, 664 A.2d 525, 528 (Pa. 1995).

> The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine. It is also well established that a witness may be qualified to render an expert opinion based on training and experience. Formal education on the subject matter of the testimony is not required, nor is it necessary that an expert be a licensed medical practitioner to testify with respect to organic matters. It is not a necessary prerequisite that the expert be possessed of all of the knowledge in a given field, only that he possess more knowledge than is otherwise within the ordinary range of training, knowledge, intelligence or experience.

*Id.* (citations omitted). "If a witness possesses neither experience nor education in the subject matter under investigation, the witness should be found not to qualify as an expert." *Yacob*, 805 A.2d at 591 (citation omitted).

Essentially, Appellant challenges the trial court's determination that Dr. Karakasis is not qualified to offer expert causation testimony. In support of this claim, Appellant cites extensively to the evidence and testimony presented at the hearing on Appellee's Motion in *Limine* pertaining to Dr. Karakasis's alleged qualifications as an expert—the same evidence considered by the trial court in determining that Dr. Karakasis did not qualify as an expert in the fields of biomechanics or MRI and EMG interpretation. Appellant's Brief at 32-33. Appellant argues that the proffered evidence of Dr. Karakasis's

education and experience "provide him with 'more expertise than is within the ordinary range of training, knowledge, intelligence[,] or experience' concerning the cause of post-traumatic disc herniation injuries." **Id.** at 35 (citing **Freed v. Geisinger Med. Ctr.**, 910 A.2d 68, 75 (Pa. Super. 2006), *aff'd*, 971 A.2d 1202 (Pa. 2009); **Miller**, 664 A.2d at 528).

We need not consider whether the trial court erred in precluding Dr. Karakasis from providing causation testimony or from publishing Appellant's spinal injuries to the jury because Appellant has not demonstrated that those rulings caused him harm. **See A.Y.**, 224 A.3d at 21.

First, contrary to Appellant's claims, Attorney Karakasis **did** testify that the subject accident caused Appellant's injuries. **See** N.T. at 140 (where Dr. Karakasis responded in the affirmative when asked, "Can you tell this jury to a reasonable degree of chiropractic certainty, did this car accident cause [Appellant's] injuries in the way he presented to you at your office?").

Second, the fact that the jury entered a verdict in Appellant's favor indicates that after hearing Dr. Karakasis's testimony and drawing reasonable inferences from the facts adduced at trial, it **did** find a causal relationship between Appellant's injuries and the accident. Because the jury found that the accident did, indeed, cause Appellant's injuries, Appellant was not aggrieved by the limits the trial court imposed on Dr. Karkasis's testimony

regarding causation.[3]  Accordingly, there is no merit to the issues argued on appeal and we, thus, affirm the Judgment in his favor.[4]

      Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/20

---

[3] Although Appellant may be dissatisfied with the amount of damages awarded to him, he has not challenged the adequacy of the jury's damages award in this appeal.

[4] On June 25, 2020, Appellee filed an Application for Relief in which he requested leave to correct a typographical error in Appellee's Brief.  Because we understood Appellee's argument despite the typographical error, in light of our disposition, we deny Appellee's Application for Relief.